**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRACY COX,

    Plaintiff,

v.

COX AUTOMOTIVE, INC. a foreign
corporation and NEXTGEAR CAPITAL,
INC., a foreign corporation,

    Defendants.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Tracy Cox (hereinafter "Cox"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants states as follows:

1.    Plaintiff, Tracy Cox, is a resident of the City Troy, County of Oakland and State of Michigan.

2.    Defendant, Cox Automotive, Inc. (hereinafter "CAI") is a foreign corporation currently not authorized to do business in the State of Michigan and principal business address is 3003 Summit Blvd., Suite 200, Atlanta, GA. 30319.

3.    Defendant, Nextgear Capital, Inc. (hereinafter "Nextgear") is a foreign corporation duly authorized to do business in the southeastern district of Michigan and whose resident agent is CSC-Lawyers Incorporating Service and whose registered office address is

601 Abbott Road, East Lansing, Michigan 48823.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. On or about May 20, 2013 Plaintiff, Tracy Cox began her employment with Defendants, CAI and Nextgear as a Sales Executive.

9. At all times relevant Defendants, Nextgear and CAI were co/dual-employers of Plaintiff.

10. In 2013 Plaintiff began to be sexually harassed by a co-worker, Darvin Mileski creating a hostile and offensive work environment due to her sex by engaging in offensive and sexually explicit conduct, including, but not limited to:

   a. Describing his sex life in explicit detail;

   b. Talking about sex non-stop;

   c. Talking about his ex-wife's breasts;

   d. Discussing how he and his ex-wife participated in threesomes and did drugs;

   e. Telling Plaintiff "you're a hot number" and making other sexually suggestive comments about Plaintiff and her appearance;

   f. Telling Plaintiff how his ex-wife was into women; and

2

      g. Telling Plaintiff she was being paid too much as a woman.

11. Plaintiff approached her immediate supervisor, Ryan Hawley to report to him that Mr. Mileski was sexually harassing her and Mr. Hawley told Plaintiff that he knew what was going on, that he could see there was a tension between Plaintiff and Mr. Mileski and that he would put a stop to the sexual harassment.

12. Despite her complaint to Mr. Hawley, Mr. Mileski did not stop the sexual harassment so Plaintiff complained to Mr. Mileski's immediate supervisor, Lisa Long, and confided that the sexual harassment was so offensive and non-stop he would "put me in tears."

13. Plaintiff continued to complain to various members of upper management but nothing was done to stop the harassment.

14. In December 2016 Plaintiff complained again, this time to Staci Williamson that Mr. Mileski was sexually harassing her.

15. Ms. Williamson told Plaintiff she would take care of it.

16. Shortly after Plaintiff spoke with Ms. Williamson, Mr. Mileski approached her and told her "I'm not supposed to talk to you."

17. Mr. Mileski then stopped sexually harassing Plaintiff and started a campaign of retaliation by bullying her for complaining about the sexual harassment.

18. In January 2017 Plaintiff was re-assigned to Dustin Wilkinson who immediately told her that he was aware of what was going on and that he going to stop it and it would not happen again.

19. Plaintiff repeatedly advised Mr. Wilkinson that Mr. Mileski was intentionally not doing his job on her accounts to interfere with her ability to do her job and create performance issues for her in retaliation for her complaints of sexual harassment.

20. From late December 2016 until March 2017 Plaintiff was constantly bullied by Mr. Mileski in retaliation of her complaints of sexual harassment.

21. On or about February 15, 2017 Plaintiff received an Employee Coaching Report which was caused by Mr. Mileski's retaliation and sabotaging Plaintiff's accounts to reflect poorly on Plaintiff.

22. Prior to the February 15, 2017 Employee Coaching Report Plaintiff had not received any poor evaluations or performance evaluations.

23. In March 2017 Plaintiff went on FMLA leave due to a serious medical condition.

24. After learning Plaintiff was going on FMLA leave several co-workers warned Plaintiff that Defendants had a history of terminating employees for exercising FMLA leave.

25. In June 2017 Plaintiff returned from FMLA leave and immediately upper management, including Plaintiff's immediate supervisor began retaliating against her for using FMLA leave by overly scrutinizing her work and being overly critical and negative to her.

26. Less than two months after returning from FMLA leave Plaintiff was terminated for using FMLA leave.

27. At all times Plaintiff performed her job in an exemplary manner.

28. Plaintiff had no valid performance issues and any alleged problems with Plaintiff's performance, attitude or disposition were completely fabricated to justify Plaintiff's termination.

29. During the time period in question, Defendants were Plaintiff's co/dual-employers and Plaintiff was their employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendants are responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

30. At all times relevant, Plaintiff was acting as an employee of Defendants, CAI and Nextgear.

31. Defendants, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

32. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## SEX HASRASSMENT AND DISCRIMINATION

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon sex.

35. Defendants created a hostile work environment for Plaintiff as a result of Plaintiff's sex and her complaints of sexual harassment.

36. Defendants were Plaintiff's co-employers within the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

37. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendants, its employees and agents to the point where her status as an employee has been detrimentally affected.

38. Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

39. Defendants and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b. Retaliating against employees who make complaints of discrimination and harassment; and

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

40. Defendants owed Plaintiff as a female employee, a duty to adequately advise

5

their employees to refrain from discriminating against employees.

41. Defendants breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

   b. Taking adverse employment action against Plaintiff due to her gender including terminating her; and

   c. Retaliating against Plaintiff for his complaints of sexual harassment.

42. As a direct and proximate result of the actions of the Defendants Plaintiff was the subject of discriminatory conduct on the part of the Defendants as well as Defendants' agents and employees.

43. Because of the unlawful conduct of Defendants, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

44. Plaintiff incorporates by reference paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender.

46. Plaintiff's sex was a factor in Defendant's employment decisions.

47. Defendants were Plaintiff's employers within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

48. During the course of her employment with Defendants, Plaintiff was subjected to unwelcome sexual harassment, including a sexual assaulted which created a hostile work environment by Defendants.

49. The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

50. Plaintiff complained to upper management of Defendants, that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment due to the sex harassment and discrimination.

51. After Plaintiff complained of sexual harassment and discrimination Mr. Mileski began a campaign of retaliation by bullying Plaintiff.

52. Defendants had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff

53. Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendants failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her sex and in retaliation for her complaints of sexual harassment, including termination.

54. The sexual harassment and conduct by Defendants and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

55. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for

7

the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE FMLA

56. Plaintiff incorporates by reference paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Defendants, CAI and Nextgear were Plaintiff's "employers/dual/co-employers" within the meaning of the FMLA.

58. Plaintiff requested and was approved for medical leave which was protected under FMLA and which were approved by the Employer.

59. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA, by terminating Plaintiff.

60. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

61. Plaintiff incorporates by reference paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. Defendants, CAI and Nextgear were Plaintiff's "employers" within the meaning of the 29 U.S.C. § 2614(a)(1).

63. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

64. Plaintiff engaged in activity protected by the FMLA when she requested and was approved for FMLA leave.

65. The FMLA leave was approved by Defendants.

66. Defendants took adverse action against Plaintiff by terminating her after she returned from FMLA leave.

67. As a result of Plaintiff asserting his right to a FMLA leave, she was subjected to adverse employment action including termination.

68. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

   a. Loss of income;
   b. Loss of fringe benefits;
   c. Emotional pain and suffering;
   d. Severe mental anguish and distress;
   e. Embarrassment and humiliation;
   f. Fright, shock, and mortification;
   g. Loss of earnings and other employment benefits; and
   h. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 23, 2018

### DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Tracy Cox, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  October 23, 2018